(76 Misc. Rep. 567.)

### PAGE v. COHEN.

(Supreme Court, Appellate Term, Second Department. May, 1912.)

JUDGMENT (§ 585*)—BAR TO SUBSEQUENT SUIT—ERRONEOUS JUDGMENT.

Plaintiff, having been appointed physician of defendant beneficial association, was removed during the third quarter of his yearly term; but on appeal to a higher body in the order such removal was reversed. At the close of the trial of a claim for wages earned in the meantime and assigned, defendant was given judgment, on the ground that the action was barred by plaintiff's expulsion, and on appeal that judgment was affirmed. After reversal of the expulsion, plaintiff obtained a peremptory writ of mandamus compelling defendant to nullify the judgment removing him. Held, that his removal was void, and that the former judgment in the action for salary was no bar to a subsequent suit to recover the salary for the remaining quarter of the year.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 1084, 1085, 1092–1097; Dec. Dig. § 585.*]

Appeal from Municipal Court, Borough of Brooklyn, First District.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes.

Action by Emmett D. Page against Paul Cohen, as Treasurer of Court Long Island, No. 34, Foresters of America. Judgment for defendant, and plaintiff appeals. Reversed, and new trial granted.

Argued before KELLY, JAYCOX, and CLARK, JJ.

Emmett D. Page, in pro. per.

Mann & Buxbaum, for respondent.

JAYCOX, J. The action is brought to recover wages which the plaintiff claims are due under contract of employment. The plaintiff was employed as physician to a lodge of the Foresters of America for one year and to be paid quarterly at the rate of $1 per annum for each member. During the third quarter of the year 1907 an attempt was made to remove plaintiff for a dereliction of duty as lodge physician. He was tried by a committee of this lodge (Long Island, No. 34) and removed. Plaintiff claimed that this lodge had no right to try him, as he was a member of another lodge. He appealed to a higher body, and the removal was reversed. In the meantime plaintiff assigned his claim for wages or compensation for one quarter to one Holmes, who brought suit thereon. The defendant in that action alleged as defenses plaintiff's removal as physician of the lodge, a determination of the matter by the arbitration committee, a justifiable discharge by the lodge, and the statute of frauds. After a trial, during the course of which defendant moved to dismiss upon the ground that the action was barred by the action of the arbitration committee, the court rendered judgment for defendant upon the merits. The plaintiff appealed to the Appellate Division of the Supreme Court, and the judgment was affirmed. In the meantime, as above recited, the decision of the arbitration committee was reversed. In order to enforce this decision, plaintiff obtained a peremptory writ of mandamus compelling this lodge to recognize and make effectual the decision of the Supreme Court of Appeals of the order, to return $15 deposit and recognize plaintiff as a member of the order. It had nothing to do with plaintiff's restoration to his position, as his term had then expired. It did, however, compel the defendant to nullify its decision removing plaintiff. The result of all this is that plaintiff was not removed. His removal is null and void. Therefore he was court physician during all his term of employment. He was ready and willing to perform his duties as such. The claim assigned was for wages or compensation. The court has decided against the assignee. That does not affect the claim for the next quarter, for which this action is brought. I think the court was in error in directing a verdict, upon the ground that the judgment in the Holmes suit was a bar to this suit.

Judgment reversed, and new trial granted, with costs to appellant to abide event.

KELLY and CLARK, JJ., concur.